IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| AMY DENISE McBRYDE, | * |
| | * |
| Plaintiff, | * |
| v. | *    No. 4:22-cv-00572-DPM-JJV |
| | * |
| KILOLO KIJAKAZI, | * |
| Acting Commissioner of the | * |
| Social Security Administration, | * |
| | * |
| Defendant. | * |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge D. P. Marshall Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Amy McBryde, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is now ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the Commissioner's decision is supported by substantial evidence.

Plaintiff was forty-seven at the time of the administrative hearing. (Tr. 45.) She is a college graduate and has past relevant work as a pollution control technician. (Tr. 46, 57.)

The Administrative Law Judge[2] (ALJ) found Ms. McBryde had not engaged in substantial gainful activity during the period from her amended alleged onset date of December 25, 2019, through her date last insured of December 31, 2019. (Tr. 12.) At step two, the ALJ found Plaintiff did not have an impairment or combination of impairments that significantly limited her

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

ability to perform basic work-related activities for twelve consecutive months. Therefore, she did not have a "severe" impairment or combination of "severe" impairments during the relevant time period. Accordingly, the ALJ concluded his analysis at step two and determined Ms. McBryde was not disabled. (Tr. 16.)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-5.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id.*) Plaintiff filed the instant Complaint initiating this review. (Doc. No. 2.)

This case presents a narrow issue and very narrow alleged period of disability. Plaintiff says she suffered a heart attack on December 25, 2019 – five days before the expiration of her disability insurance benefits. In support of her Complaint, Ms. McBryde argues that the ALJ erred by concluding the review process at the second step and failing to consider that her condition was a "severe" impairment. (Doc. No. 15 at 6-11.) She says:

> The Administrative Law Judge did not explicitly state whether he credited the claimant's testimony about the December onset of her heart condition. He simply disregarded that testimony. The Administrative Law Judge did not discuss any medical evidence involving treatment subsequent to the date last insured. He listed the records received, but as to each one he wrote, "it is noted that the claimant's date last insured is December 31,2019 and these records are after her date last insured. There is medical evidence not pertinent to the period of disability in question." R. 14. A similar statement is made about the treating source statement from Dr. Sadeem Mahmood. R. 16. For that reason, he never considered the statements that the claimant made at the time of her July hospitalization for the same symptoms.

(*Id.* at 7.)

The Commissioner counters:

The ALJ considered Plaintiff's testimony that she had a heart attack on December 25, 2019, but that she did not go to the hospital for heart issues until July 9, 2020 (i.e., over six months later) (Tr. 14). The record does not contain any treatment

> notes during the seven-day relevant period of December 25-31, 2019 (Tr. 224-966). Importantly, a medically determinable impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. In the decision, the ALJ cited and considered all of Plaintiff's medical records, which either preceded the alleged onset date or post-dated the date last insured (Tr. 14-16). The ALJ specifically discussed an April 11, 2019 primary care treatment note, which the ALJ explained was the medical appointment closest in time preceding Plaintiff's alleged onset date (Tr. 14-16). The purpose of the appointment was a "wellness visit," and none of her "active problems" were related to cardiac issues (Tr. 14-16, 869-71). The cardiovascular portion of her physical examination revealed a regular heart rate and rhythm, and no murmurs, rubs, or gallops (Tr. 14-16, 870). Under the "assessment" section, her doctor noted "encounter for preventative health examination" and "nicotine dependence" (Tr. 14-16, 870). Thus, substantial evidence supports the ALJ's finding that Plaintiff did not have a cardiac medically determinable impairment during the relevant period because there was an absence of objective medical evidence regarding a cardiac condition. *See id*.

(Doc. No. 17 at 5-6.)

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s)*. An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities*. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
>     (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
>     (2) Capacities for seeing, hearing, and speaking;
>     (3) Understanding, carrying out, and remembering simple instructions;
>     (4) Use of judgment;
>     (5) Responding appropriately to supervision, co-workers and usual work situations; and

      (6)   Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

As the Commissioner points out in her brief, it is Plaintiff's burden to prove her heart condition was "severe." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). And showing her "severe" heart condition "must be established by objective medical evidence from an acceptable medical source," and not merely the Plaintiff's "statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." 20 C.F.R. § 404.1521. After careful review, I find Plaintiff has failed to meet her burden. The Commissioner's argument in this regard, *supra*, is highly persuasive. Accordingly, the ALJ's step two determination is supported by substantial evidence.

I have also considered Plaintiff's additional evidence from Kenneth R. Johnston, M.D. (Tr. 35-36.) Dr. Johnston provided a thoughtful and comprehensive letter in support of Ms. McBryde's disability application. Dr. Johnston's letter establishes that Plaintiff has experienced serious issues with her heart, but those issues occurred outside the window of Ms. McBryde's disability insurance coverage. I realize Plaintiff contends these later issues are part and parcel of the alleged December 25, 2019, heart attack and pulling her back into coverage. Yet, I am unable to make that leap based on the record before me. As previously recited, Plaintiff has failed to meet her burden and show through objective medical evidence that she indeed suffered a heart attack on December 25, 2019. Under the law, Plaintiff's testimony - by itself - is simply insufficient. (Tr. 50-51.) Accordingly, I find Plaintiff's second argument to be without merit.

Counsel for both sides have done exemplary work on behalf of their respective clients. I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole

that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 23rd day of February 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE